UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER L.,

                              Plaintiff,

v.                                                                    CASE # 1:21-cv-00341

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     IDA M. COMERFORD, ESQ.
  Counsel for Plaintiff                                   KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     SCOTT ELLIOTT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on January 11, 1971, and has less than a high school education. (Tr. 220, 225). Generally, plaintiff's alleged disability at the time of application was herniated discs in the cervical spine, and history of right shoulder surgery. (Tr. 224). Plaintiff's alleged disability onset date is August 7, 2007.

### B.      Procedural History

On June 13, 2011, plaintiff applied for a period of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 202, 220). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On November 28, 2012, plaintiff appeared before ALJ Robert Harvey. (Tr. 54-75). On December 13, 2012, ALJ Harvey issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 77-88). Plaintiff requested Appeals Council (AC) review and the case was remanded for further proceedings in August 2014. (Tr. 93-95). On February 19, 2015, ALJ Harvey held a new hearing. (Tr. 26-53). On April 22, 2015, ALJ Harvey issued another unfavorable decision finding that plaintiff was not disabled within the meaning of the Act. (Tr. 9-21). On December 30, 2016, the AC denied plaintiff's request for review. (Tr. 1-3). Thereafter, plaintiff appealed to the United States District Court for the Western District of New York.

On March 29, 2019, the Court reversed the decision of the Commissioner and ordered a new hearing. (Tr. 754-69). The Appeals Council vacated the Commissioner's decision and ordered a new hearing. (Tr. 773). On June 4, 2020 and August 13, 2020, ALJ Mary Mattimore held telephone hearings at which plaintiff appeared and testified. (Tr. 641-77). At the August 2020 hearing, John Kwak, MD, a medical expert, and Francesco Fazzolari, a vocational expert, also

appeared and testified. (*Id.*). ALJ Mattimore issued an unfavorable decision on November 3, 2020,

(Tr. 619-31), and this timely action followed.

### C.   The ALJ's Decision

Generally, in her decision, ALJ Mattimore made the following findings of fact and

conclusions of law:

1.   The claimant has not engaged in substantial gainful activity since June 13, 2011, the application date (20 CFR 416.971 et seq.).

2.   The claimant has the following severe impairments: right shoulder impingement status post arthroscopy with residual pain; degenerative disc disease of the cervical spine with headaches; cervical radiculopathy; degenerative disc disease of the thoracic and lumbar spine status post discectomy and fusion at L5-S1.

3.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, can sit for 6 hours and stand or walk for 6 hours in an 8 hour workday, can occasionally reach overhead with the right, dominant upper extremity, can frequently operate foot controls bilaterally, can frequently climb stairs and ramps, balance and kneel, can occasionally climb scaffolds, stoop, and crouch, can never crawl, can have no exposure to unprotected heights, occasional exposure to heavy machinery, and because of distraction due to pain is limited to simple and routine work and simple workplace decisions, not at a production rate pace (such as assembly line work) (20 CFR 416.920(c)).

5.   The claimant is unable to perform any past relevant work (20 CFR 416.965).

6.   The claimant was born on January 11, 1971, and was 40 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.   The claimant has a limited education (20 CFR 416.964).

8.   Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

3

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.     The claimant has not been under a disability, as defined in the Social Security Act, since June 13, 2011, the date the application was filed (20 CFR 416.920(g)).

(Tr. 616-631).

## II.    THE PARTIES' BRIEFINGS

### A.    Plaintiff's Arguments

Plaintiff argues the ALJ failed to reconcile conflicts between the RFC and the vocational expert's testimony. (Dkt. No. 8 [Plaintiff's Memo of Law]).

### B.    Defendant's Arguments

In response, defendant asserts there was not a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT)[1]. Further, defendant argues that assuming a conflict existed, the ALJ elicited sufficient testimony from the vocational expert to resolve any potential conflict. (Dkt. No. 10 [Defendant's Memo of Law]).

## III.   RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable

---

[1] The DOT refers to the U.S. Department of Labor's *Dictionary of Occupational Titles* (4th ed. rev. 1991).

basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

Plaintiff argues the ALJ did not reconcile discrepancies between the vocational expert testimony and the Dictionary of Occupational Titles (DOT) regarding reaching limitations. Vocational Expert (VE) Francesco Fazzolari, CRC, M.Ed. was present and testified at the hearing on August 13, 2020. (Tr. 670-71). The hypothetical presented by the ALJ to VE Fazzolari for light work contained additional limitations, including only occasional reaching overhead with the right, dominant, upper extremity. (Tr. 670). VE Fazzolari identified jobs that an individual could perform with such a limitation, namely that of an assembler, DOT 719.687-010; a sorter, DOT 922.687-086; and an inspector, DOT 559.687-074. (Tr. 671). The expert further noted that the number of jobs he identified at each position was reduced by 50 percent to accommodate the overhead reaching restriction. (Tr. 671-72).

Contrary to plaintiff's assertion, the VE did not make a blanket statement of consistency between the DOT and his testimony but explicitly identified the extent to which his testimony was

potentially inconsistent with the DOT, noting that his testimony on overhead reaching and the need to be off-task were not covered by the DOT, as the DOT does not address those issues: "[t]he – delineating overhead reach and right versus left, the D.O.T. doesn't discuss that, and is not involved with time off-task. That information is based on my professional experience." (Tr. 675-76). The VE clarified that the inconsistency with the DOT was therefore based on his professional experience. (*Id*.).

Plaintiff's reliance on *Lockwood v. Commissioner of Social Security Administration*, 914 F.3d 87 (2d Cir. 2019) is misplaced as that case involved an RFC excluding all overhead reaching tasks with both hands. *Lockwood*, 914 F.3d at 92. In *Lockwood*, the Court acknowledged that SSR 85-15 defines reaching as "extending the hands and arms in any direction," and reasonably concluded that an individual who could never reach overhead with either arm was incapable of "extending the hands and arms in any direction." *Id.* at 91-92 citing SSR 85-15, 1985 WL 56857, at *7. The Second Circuit therefore concluded that there was an apparent and unresolved conflict between the VE's testimony that the three identified jobs could be performed by someone who was precluded from overhead reaching and the DOT, which indicated that each identified job required frequent or occasional reaching. *Id*. at 92. Unlike the facts in *Lockwood*, Judge Mattimore's RFC did not preclude plaintiff from all reaching but limited him to occasional overhead reaching with the right arm only and did not restrict plaintiff's ability to reach with the left upper extremity. (Tr. 670). Plaintiff does not assert any limitations with the left upper extremity.

Courts in this district have repeatedly found that when the DOT is silent on an issue, no actual conflict exists between the VE testimony and the DOT. *See Murray v. Colvin*, No. 15- CV-6384P, 2016 WL 5335545, at *13 (W.D.N.Y. Sept. 23, 2016) (ALJ was not required to further

examine the VE's testimony regarding a leg elevation option because no actual conflict existed between the VE's testimony and the DOT). Here, the DOT does not indicate that the identified jobs require the ability to frequently reach with both arms. *See Assembler, Electrical Accessories* I, DOT 729.687-010, 1991 WL 679733; *Returned-Goods Sorter*, DOT 922.687-086, 1991 WL 688139; *Inspector and Hand Packager*, DOT 559.687-074, 1991 WL 683797.

Furthermore, the DOT is not comprehensive and vocational experts are used to resolve complex vocational issues. *See Biestek v. Berryhill,* 139 S. Ct. at 1152-53 (2019)(finding that vocational experts may invoke "their own experience in job placement or career counseling"). VE Fazzolari was performing his duty to identify which of the occupations in the DOT fell within the subset of those available to an individual with limitations using the right arm. *McIntyre v. Colvin* 758 F.3d at 152 (2d. Cir. 2014)(citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). Notably, plaintiff's attorney did not object to the qualifications of the vocational expert and did not challenge his explanation of how he arrived at his conclusions. (Tr. 669-70).

As argued by defendant, even if a conflict existed, the ALJ fulfilled her duty to resolve it. (Dkt. No. 10 at 11). VE Fazzolari identified the potential conflict between overhead reaching and the DOT; explained that the DOT does not define reaching in terms of overhead reaching; and stated that he relied on his professional experience when identifying the jobs plaintiff could perform with a limitation on overhead reaching to the right. (*See* Tr. 675-76). The testimony elicited by the ALJ and the VE's explanations were sufficient to resolve any potential conflict. *See Reilly v Comm'r of Soc. Sec.*, No. 21-8-CV, 2022 WL 803316, at *2 (2d Cir. Mar. 17, 2022). Contrary to plaintiff's argument, there was not a singular yes or no response as to whether a conflict existed, rather the VE gave detailed information about how he came to his conclusions. It is unclear what else plaintiff would have wanted the ALJ to discuss with the VE to make the exchange more

"meaningful" but it was sufficient for resolving any conflicts. *See Hallman v. Comm'r of Soc. Sec.*, No. 19-CV-00683, 2020 WL 3259255, at *5 (W.D.N.Y. June 16, 2020) ("[i]t is unclear what else plaintiff could expect the ALJ to ask or do as a follow-up").


**ACCORDINGLY, it is**

> **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is
>
> **DENIED;** and it is further
>
> **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 10) is
>
> **GRANTED.**


Dated: January 12, 2024                          *J. Gregory Wehrman*
Rochester, New York                              HON. J. Gregory Wehrman
                                                 United States Magistrate Judge